JOHN C. JONES, Respondent, v. J. M. WHITNEY et al., Appellants.

Kansas City Court of Appeals, May 3, 1909.

GAMING: Action: Conspiracy: Recovery: Amendment: Common Law: Statute.  A petition averring a conspiracy by defendants to obtain plaintiff's money to a footrace is at common law and cannot be amended by a petition under the statute to recover money from a stakeholder. *Held*, further, that the plaintiff was allowed to recover on the averments of both petitions, that is, not only against the stakeholder but the other defendants, which was error.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

REVERSED AND REMANDED.

*Mytton* & *Parkinson* for appellants.

(1)  A reading of the record will disclose that Jones, the plaintiff, entered into a conspiracy with Leach surely, and Sportsman probably, to have them run a fake footrace and thereby defraud defendant, Scott, of his money.  (2)  The court erred in giving plaintiff instruction number one.  (3)  The court erred in giving instruction number 2.  The original petition filed in this suit did not state a cause of action for the recovery of money lost at gaming but a cause of action to recover money stolen from the plaintiff by the defendants.

*Duncan & Utz* for respondent.

(1)  The application of the rule *in pari delicto* is not a rule of universal application and will not be applied, when to withhold the relief asked would to a greater extent offend public morals or be an aid to a gang of cheating gamesters to continue their nefarious schemes.  Hobbs v. Boatright, 195 Mo. 693.  (2)  In answer to point three of appellant's brief, will say that it seems to us to be wholly without merit.  The original petition was filed the day after the footrace in question took place and is in substance same as the amended petition.  The cause of action alleged in each is the same. The amended petition eliminated the conclusion near the close of the original "thus fraudulently stealing the amount of $720 from plaintiff," which at most was surplusage.  There is a good cause of action stated in both the original and amended petition both at common law and under the statute.

BROADDUS, P. J.—The plaintiff sues to recover money wagered on a footrace. On the 23rd day of July, 1908, the plaintiff laid a wager with defendant Scott on the result of a footrace to be made between Ray Leach and A. Sportsman. There were articles of agreement for the race by defendant Scott and by plaintiff under the name of J. Smith, as principals, and A. Sportsman and Ray Leach under the name of Lew Woodruff, as the runners. Altogether, $1,840 was wagered as follows: $920 by defendant Scott, and $920 by plaintiff, $200 of which plaintiff obtained from defendant S. Q. Brown, who was the stakeholder. A one hundred yards' distance was measured off and at the report of a pistol the race started. From this time on, there is a great deal of conflict in the evidence.

On the part of plaintiff, the evidence tends to show that, before the race was finished, defendant Scott drew a pistol and when near the finish thrust it in the face of Sportsman, who was in the lead, and threatened to kill him, which caused Sportsman to dodge and fall and in so doing he tripped and threw the other runner; that Scott met Brown some distance back from the place of finish and immediately demanded the money, at the same time threatening and flourishing his pistol; that plaintiff objected to the money being given to him on the ground that there was no decision of the judges as yet and that the race was unfair; that defendant Brown appeared to be intimidated and delivered the money to Scott and all three defendants went away together; that afterwards on the same day the three were arrested while eating their dinner together and taken to the police department of the city of St. Joseph, where, upon being searched, it was found that Scott had upon his person $1,094.35, Whitney $294.20, and Brown $420.05, making a total of $1,808.60, or less in amount $31.40 than the amount wagered.

The defendants' evidence, on the contrary, is radically different. It tends to show that when the runners

had gotten in about ten or twelve feet from the finish Sportsman fell down and then Woodruff, alias Leach, began to check his speed, whereupon Scott, who saw what was occurring, drew his pistol and, presenting it in Leach's face, commanded him "to come across the line," which he proceeded to do. And the evidence was also conflicting whether or not the judges had decided the race when plaintiff called the race off and demanded his money. But there was no dispute that all three defendants left the place together and that they were arrested while still in company.

The next day plaintiff commenced suit and sued out a writ of attachment.

Before the case was submitted to the jury, the plaintiff filed an amended petition as follows: "Plaintiff for cause of action says that on or about the 23rd day of July, 1908, in Buchanan county, Missouri, he entered into a wager with defendant Doc Scott and deposited the sum of seven hundred and twenty dollars in the hands of defendant S. Q. Brown, who was to act as stakeholder, and delivered said money with certain other money to said Brown, which said Brown was to hold pursuant to a wager upon the outcome of a footrace between Albert Sportsman and Ray Leach; that, previous to the time of the posting of said money, defendants entered into a conspiracy whereby they were to get plaintiff's money into the hands of said defendant Brown and abscond with it; that plaintiff was wagering upon the success of Sportsman and defendant Doc Scott upon the success of Ray Leach; that, while said race was in progress and said Sportsman within a few feet of the goal, and leading, defendant Doc Scott drew a revolver and presented it in the face of said Sportsman, causing him to stop under threat of being killed; that at the same time said Scott presented his revolver at defendant Brown, the stakeholder, and demanded that said Brown turn over the stake money to said Scott, which said Brown then and there did, and before any

decision by the judges as to the termination of said race, and over plaintiff's protest, and then in accordance with their previous understanding, all of the defendants divided plaintiff's money among themselves and by means of said wager deprived plaintiff of the said sum of $720."

The judgment was for the plaintiff, from which defendants appealed. The court tried the case upon the theory that the action was based upon section 3431, Revised Statutes 1899, which reads as follows, "Every stakeholder who shall knowingly receive any money or property, staked upon any betting declared gaming by the foregoing provisions, shall be liable to the party who placed such money or property in his hands, both before and after the determination of such bet; and the delivery of the money or property to the winner shall be no defense to any action brought by the losing party for the recovery thereof: *Provided,* that no stakeholder shall be liable afterward unless a demand has been made of such stakeholder for the money or property in his possession, previous to the expiration of the time agreed upon by the parties for the determination of the bet or wager." Section 3432, *idem,* provides that actions of this character shall be brought within three months from the time the right of action accrued.

The amended petition was not filed within the time provided by the statute and defendants contend that as the amended petition states an entirely different cause of action from that stated in the original petition, the plaintiff's cause of action was barred; consequently, he was not entitled to recover on his amended petition. The defendants objected to the amendment at the time for the reason that it was the substitution of a new cause of action and, as such, was barred by the statute. The objection was overruled. The defendant, by way of instruction which was refused, raised the question of the right of the plaintiff to recover on his amended petition for the same reasons.

If the amended petition was a substitution of a new cause of action, the court erred in permitting a recovery on that ground. The plaintiff in his original petition bases his right to recover on the ground that defendants conspired together to steal his money, whereas the amended petition seeks a recovery upon the ground that plaintiff lost his money on a wager on the result of a footrace, and that he demanded his money from the stakeholder before the expiration of the time agreed upon by the parties for the determination of the bet or wager. And the recovery was not only against the stakeholder, Brown, but also against defendants, Scott and Whitney. The original petition states a common law action for conspiracy; the amended petition a cause of action provided by the statute. It was an entire departure from, or the substitution of, one cause of action for another, which is not permissible. The plaintiff, as stated, recovered not only against the stakeholder as provided by the statute, but also against the other defendant, thus recovering under the allegations of both the original and amended petition. This was a glaring error. The cause is reversed and remanded. All concur.